O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY INSURANCE CORP., <br><br> Plaintiff, <br><br> vs. <br><br> SOUTHWEST TRADERS INCORP., <br><br> Defendant. | NO. ED CV-12-02151-JLQ <br><br> **ORDER RE: MOTION FOR LEAVE TO FILE COUNTERCLAIM** |

BEFORE THE COURT is Defendant Southwest Traders Incorporated ("Southwest") Motion for Leave to File Counterclaim. (ECF No. 18). Plaintiff Liberty Insurance Corporation ("Liberty") has filed an Opposition Brief (ECF No. 20) and Southwest has filed a Reply (ECF No. 21).

**I. Introduction/Procedural History**

Liberty initiated this action by filing a Complaint on December 6, 2012. The Complaint is four pages long and contains one claim for breach of an insurance policy, that breach being the alleged failure to pay a retrospective premium adjustment. Southwest answered the Complaint on January 15, 2013. The Answer contained eight affirmative defenses, but did not assert any counterclaims.

On February 21, 2013, the parties filed a Joint Status Report (ECF No. 10), as was required by the court in advance of the Scheduling Conference. That Status Report stated that the parties believed that the following was the principal factual issue in the case: "Whether Southwest Traders owes retrospective premiums and other amounts to Liberty under the workers' compensation policy that it issued, and, if so, in what amount." (ECF No. 10, p. 3). The Status Report stated that Southwest was evaluating whether to join

ORDER - 1

additional parties. The parties jointly proposed a trial date of December 11, 2013.

The court held a Scheduling Conference on March 7, 2013, and issued a Scheduling Order. (ECF No. 19). The Scheduling Order provided that any motion to amend pleadings or add named parties shall be served no later than April 5, 2013. It also set this matter for bench trial on December 11, 2013, as no demand had been made for a jury trial. On April 5, 2013, Southwest filed the Motion for Leave to file a Counterclaim and in the proposed Counterclaim demands a trial by jury.

**II. Standard for Leave to Amend**

Pursuant to Fed.R.Civ.P. 15(a), leave of court is required for Southwest's proposed amendment. The court "should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). Whether to grant such leave, rests in the discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court may deny leave to amend where there has been undue delay, bad faith, or dilatory motive on the part of the movant, or where the amendment would be futile. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).

**III. Discussion**

Southwest's proposed Counterclaim contains 16 counts, and is 27-pages long. It is not simply a Counterclaim, but rather seeks to add an additional party to this litigation-- Sullivan Curtis Monroe Insurance Services, LLC ("Sullivan Curtis"), an insurance broker. Liberty opposes the proposed amendment, both as to the counterclaims against Liberty, and the addition of Sullivan Curtis.

**A. The Claims Against Sullivan Curtis**

Seven of the sixteen claims are asserted against Sullivan Curtis. Southwest contends that the proposed Counterclaim "seeks to resolve issues arising from the same contract alleged in Liberty's Complaint and to resolve issues in a related auto policy." (ECF No. 18, p. 3). Southwest's Motion omits nearly any mention of the fact that Southwest is seeking to bring another party into this action. There is one brief mention of "theories of relief....against Southwest's insurance broker", but Sullivan Curtis is not even

ORDER - 2

mentioned by name in the Motion. Instead, Sullivan Curtis is merely included in the proposed Counterclaim (ECF No. 18, Ex. A). The claim against Sullivan Curtis is not in fact a counterclaim, but would rather be a claim against a third-party.

A defending party, such as Southwest, may assert a claim against a third-party who is or may be liable to Southwest for all or part of the claim against it. However, in order to do so, Southwest must "obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed.R.Civ.P. 14(a)(1). Liberty argues that Southwest failed to properly seek leave of court to add a third-party because Southwest only sought leave to assert counterclaims. As a technical matter, the court agrees that Southwest did not properly seek leave to file a third-party complaint against Sullivan Curtis. Southwest's Motion fails to mention Sullivan Curtis and fails to cite to Rule 14. Southwest in its Reply addresses for the first time Rule 14 and acknowledges that whether to allow a third-party defendant to be impleaded is within the discretion of this court.

Additionally, Southwest's claim is not a proper third-party claim. "A third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto." *Stewart v. American Int. Oil & Gas*, 845 F.2d 196, 199 (9th Cir. 1988). The Ninth Circuit further stated that the "crucial characteristic" of a Rule 14 claim is that a "defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Id.* at 200. Southwest is not asserting that Sullivan Curtis is actually the party liable to Liberty for breach of contract/unpaid premiums. Rather, Southwest alleges that it had a Professional Services Agreement with Sullivan Curtis and that Sullivan Curtis provided poor advice about coverage proposals, and failed to properly service policies, etc. Those claims need not be asserted in this lawsuit. "It is not sufficient that the third-party claim is a related-claim; the claim must be derivatively based on the original plaintiff's claim." *Zero Tolerance Entertainment v. Ferguson*, 254 F.R.D. 123, 126 (C.D. Cal. 2008). Southwest's request for leave to amend to assert third-party claims against

ORDER - 3

Sullivan Curtis is **DENIED**.

### B.  Counterclaims Against Liberty

Liberty also opposes leave to amend to add counterclaims against it, arguing that Southwest has unduly delayed those claims. Liberty argues that as Southwest had not, at the time of filing the Motion, conducted any discovery, Southwest therefore knew of the basis for the Counterclaim since the inception of this suit.  Although it appears that Southwest could have moved more promptly in seeking amendment, the court does not find undue delay where the Motion was filed by the deadline set in the Scheduling Order.

Liberty argues it will suffer unfair prejudice if the Counterclaim is allowed because the proposed Counterclaim would "radically shift" the nature of this case and require an "entirely new course of defense." (ECF No. 20, p. 9).  Liberty argues it will be prejudiced by having to defend all these new claims under the relatively short time frame that was set for the preparation and trial of a one-count breach of contract claim.  There is some merit to Liberty's argument.  Southwest seeks to expand this action by adding an additional sixteen counts which involve additional entities and additional contracts.  As discussed *supra*, in an exercise of this court's discretion, it has not granted leave to add the third-party claims against Sullivan Curtis.

However, a party is required to bring as a compulsory counterclaim a claim that arises out of the same transaction or occurrence and does not require the adding of another party over whom the court cannot acquire jurisdiction. Fed.R.Civ.P. 13(a)(1). Nine of the sixteen counts in the proposed Counterclaim are asserted against Liberty. Counts I and II assert breach of contract and breach of duty of good faith and fair dealing arising out of the same Worker's Compensation Policy at issue in the Complaint.  The court grants leave for Liberty to assert those claims.  Counts III and IV relate to a different policy of insurance, an Auto Policy, and therefore are not compulsory counterclaims.  However, the court may allow such claims as permissive counterclaims. Fed.R.Civ.P. 13(b).

Counts V and VI are tort claims related at least in part to the Worker's

ORDER - 4

Compensation Policy. Liberty argues that Southwest fails to state a claim in Counts V and VI. Such arguments can be better addressed after Liberty files an Answer or responsive motion to the amended pleading. Count VII pertains to the Worker's Compensation Policy. Counts VIII and IX are entitled "set off" and "accounting". Set off is likely more appropriately considered an affirmative defense. Southwest may fail to state a claim for an accounting. See *Singh v. City of Oakland*, 295 Fed.Appx. 118 (9th Cir. 2008)("The necessary prerequisite to the right to maintain a suit for an equitable accounting, like all other equitable remedies, is...the absence of an adequate remedy at law."). Those issues need not be resolved at this time.

The court **GRANTs** Southwest's Motion for Leave to the extent of the nine counterclaims against Liberty.

### C. Jury Demand

The proposed Counterclaim contains a jury demand. No jury demand was made as to the issues in the original Complaint, and this matter is currently set for bench trial. The Counterclaim also includes equitable claims. A party is generally not entitled to a jury trial on a purely equitable claim. See *Shubin v. U.S. Dist. Ct.*, 313 F.2d 250 (9th Cir. 1963). Resetting this matter for jury trial, may necessitate a brief extension of the scheduled dates. This matter is currently set for trial in December 2013. The court would consider resetting it for jury trial in February or March 2014, with a corresponding extension of other dates. **No later than May 24, 2013**, the parties shall confer and file a Joint Status Report including their respective positions concerning which issues may be tried to the jury, and their position as to whether deadlines in the court's Scheduling Order (ECF No. 19) should be extended, and if so, proposed cut-off and trial dates.

**IT IS HEREBY ORDERED:**

1. Southwest's Motion for Leave (ECF No. 18) is **GRANTED IN PART** and **DENIED IN PART**. The court grants leave for Southwest to assert the counterclaims against Liberty in Counts I through IX of its proposed Counterclaim. The court denies leave to join third-party Sullivan Curtis.

2.  **Within ten (10) days** of the date of this Order, Southwest shall file its Counterclaim against Liberty, which shall not include any claims against Sullivan Curtis, and shall not include any claims not contained in the proposed amendment. (ECF No. 18, Ex. A).

3.  **Within fourteen (14) days** of the filing of the Counterclaim, Liberty shall Answer the Counterclaim or file other responsive pleading or motion.

4.  No later than **May 24, 2013**, the parties shall file a Joint Status Report, as discussed *supra*, containing their positions on the matter being set for jury trial and whether an extension of the current cut-off and trial dates is required.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 1st day of May, 2013.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE