Sean M. Foldenauer, Esq., SBN 187541
Email: smf@foldenauerlaw.com
Danwill D. Schwender, Esq., SBN 253419
Email: dds@foldenauerlaw.com
**FOLDENAUER LAW GROUP, APLC**
2550 Fifth Avenue, Suite 630
San Diego, California 92103
Tel.: (619) 564-8877
Fax.: (619) 564-8879

Attorneys for Defendant Southwest Traders, Inc.

FILED
CLERK, U.S. DISTRICT COURT

MAY 10 2013

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION          BY DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION - RIVERSIDE

| | |
|---|---|
| LIBERTY INSURANCE CORPORATION, an Illinois Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST TRADERS, INCORPORATED, a California Corporation,<br><br>Defendant. | Case No. ED CV 12-02151 JLQ (OPx)<br><br>SOUTHWEST TRADERS, INC.'S COUNTER-CLAIM FOR DAMAGES<br><br>JURY DEMANDED<br><br>[Unlimited Civil Case]<br><br>Department:  Courtroom 1<br>Judge:          Hon. Justin L. Quackenbush<br>Magistrate:   Hon. Oswald Parada<br><br>Complaint Filed: December 6, 2012<br>Trial Date:        December 11, 2013 |
| SOUTHWEST TRADERS, INCORPORATED, a California Corporation,<br><br>Counter-Claimant,<br><br>v.<br><br>LIBERTY INSURANCE CORPORATION, an Illinois Corporation,<br><br>Counter-Defendant. | |

1

Counter-Claimant Southwest Traders, Inc. alleges as follows:

## THE PARTIES

1. Southwest Traders, Inc. ("Southwest") is a company organized under the laws of the State of California with its principal place of business in Riverside County, California.

2. Liberty Insurance Corporation ("Liberty") is a company organized under the laws of the State of Vermont with its principal place of business in Boston, Massachusetts. Liberty is licensed to transact the business of insurance in California and conducts operations throughout the United States.

## JURISDICTION AND VENUE

3. The claims alleged herein arise out of the transaction or occurrence that is the subject matter of Liberty's complaint and Southwest's claims do not require adding another party over whom the court cannot acquire jurisdiction. The court also has supplemental jurisdiction over this action under 18 U.S.C. § 1367 because Southwest's claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

4. The venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a) and 1392(c) because substantially all of the events or omissions giving rise to the claims asserted in this Counter-Claim occurred in this judicial district.

## GENERAL FACTS

5. Southwest provides customer product distribution of regional, specialty, and nationally branded, as well as exclusive products, to independent, regional, and national food chains across fourteen states.

6. Liberty and Southwest entered into a written contract entitled Liberty Mutual Commercial Policy Workers' Compensation and Employers' Liability Policy, Policy Number WC7-661-065726-010, wherein Liberty agreed to provide workers' compensation insurance coverage to Southwest for the period from December 1, 2010 to December 1, 2011 and Southwest agreed to pay Liberty for such insurance

2

coverage (the "2011 Liberty Workers' Compensation Policy"). Attached hereto as Exhibit "A" and incorporated herein by this reference is a true and correct copy of the Liberty Mutual Commercial Policy Workers' Compensation and Employers' Liability Policy, Policy Number WC7-661-065726-010.

7. Liberty and Southwest entered into a written contract entitled Liberty Mutual Commercial Policy for auto insurance coverage for the period December 1, 2010 to December 1, 2011 under policy number AS2-661-065762-030 ("2011 Liberty Auto Policy"). Attached hereto as Exhibit "B" and incorporated herein by this reference is a true and correct copy of Liberty Mutual Commercial Policy, Policy Number AS2-661-065762-030.

8. On or about November or December 2010, Liberty presented to Southwest that the 2011 Liberty Auto Policy would have $0 deductible for Auto Liability.

9. On or about November or December 2010, Liberty presented to Southwest that the 2011 Liberty Workers' Compensation Policy's maximum workers' compensation loss would be at a rate of 7.665 per $100 of WC Payroll but "not greater than" $2,092,490.

## FIRST CAUSE OF ACTION

### Breach of Contract (2011 Liberty Workers' Compensation Policy)

### Southwest Against Liberty

10. Southwest realleges and incorporates by reference paragraphs 1 through 9 as if fully set forth herein.

11. Southwest and Liberty entered into the 2011 Liberty Workers' Compensation Policy - a written contract. Exhibit A.

12. Southwest performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the 2011 Liberty Workers' Compensation Policy, except those which have been excused based upon the actions of the Liberty.

13. Within the past four years, Liberty has breached the terms and conditions of the 2011 Liberty Workers' Compensation Policy by, among other things, unnecessarily

overcharging Southwest, delaying in auditing of the policy, and demanding an amount due that is inconsistent with the intent of the parties to the contract and inconsistent with the terms of the contract.

14. Southwest is informed and believes and thereon alleges that Liberty has breached the 2011 Liberty Workers' Compensation Policy by other acts or omissions of which Southwest is presently unaware. Southwest will seek leave of court to amend this Counter-Claim at such time as Southwest discovers the other acts or omissions of Liberty constituting such breach.

15. As a direct and proximate result of the breaches of contracts by Liberty, Southwest has suffered damages in an amount to be determined according to proof presented at the time of trial, together with interest at the rate of ten percent (10%) per annum until paid.

### SECOND CAUSE OF ACTION

**Breach of the Covenant of Good Faith and Fair Dealing (2011 Liberty Workers'**
**Compensation Policy)**

**Southwest Against Liberty**

16. Southwest realleges and incorporates by reference paragraphs 1 through 15 as if fully set forth herein.

17. The 2011 Liberty Workers' Compensation Policy contains implied covenants of good faith and fair dealing that the insurer will do nothing to unfairly deprive the insured of the benefits of the contract or to place its own interest before the interest of the insured.

18. Liberty has breached the implied covenant of good faith and fair dealing by, among other things:

    a. Misrepresenting to Southwest pertinent facts and policy provisions relating to the 2011 Liberty Workers' Compensation Policy.

    b. Placing unduly restrictive interpretation on the 2011 Liberty Workers' Compensation Policy terms for the purpose of over-charging Southwest for its

1      purchased coverage.

2      c.      Interpreting the meaning of the terms contained in Southwest's Policies,

3              subsequent to the date of underwriting the policies and subsequent to

4              Southwest's filing claims, in such a way that unreasonably favors Liberty.

5      d.      Failing to give Southwest's interests equal consideration with its own interests.

6  19.   Southwest is informed and believes and thereon alleges that Liberty has breached its

7         duty of fair dealing and good faith owed to Southwest by other acts or omissions of

8         which Southwest is presently unaware. Southwest will seek leave of court to amend

9         this Counter-Claim at such time as Southwest discovers the other acts or omissions

10        of Liberty constituting such breach.

11 20.   As a proximate result of the aforementioned wrongful conduct of Liberty, Southwest

12        has suffered, and will continue to suffer in the future, damages under the Policies,

13        plus interest, in an amount in excess of the jurisdictional requirements of this Court

14        to be proven at the time of trial.

15 21.   As a further proximate result of the aforementioned wrongful conduct of Liberty,

16        Southwest has been damaged in excess of the jurisdictional limits of this Court,

17        subject to proof at trial. Additionally Southwest has sustained and will continue to

18        sustain attorneys' fees and costs in litigating this coverage action with Liberty.

19 22.   Liberty's despicable conduct described herein was done with a wilful and conscious

20        disregard of Southwest's rights and with the intent to vex, injure, or annoy Southwest,

21        such as to constitute oppression, fraud, or malice under California Civil Code Section

22        3294, justifying exemplary and punitive damages against Liberty in an amount

23        appropriate to punish or set an example of Liberty and to deter such conduct in the

24        future.

25 23.   Furthermore, Liberty's despicable conduct described was done with a conscious

26        disregard of Southwest's rights and with the intent to vex, injure, or annoy Southwest,

27        thereby entitling Southwest to prejudgment interest on all sums awarded at the time

28        of trial in an amount to be determined in accordance with California Civil Code

Section 3291.

## THIRD CAUSE OF ACTION

### Breach of Contract (2011 Liberty Auto Policy)

### Southwest Against Liberty

24. Southwest realleges and incorporates by reference paragraphs 1 through 23 as if fully set forth herein.

25. Southwest and Liberty entered into the 2011 Liberty Auto Policy - a written contract. Exhibit b.

26. Southwest performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the 2011 Liberty Auto Policy , except those which have been excused based upon the actions of the Liberty.

27. Within the past four years, Liberty has breached the terms and conditions of the 2011 Liberty Auto Policy by, among other things, unnecessarily overcharging Southwest, delaying in auditing of the policy, and unjustly withholding the monies owed to Southwest under the policy.

28. Southwest is informed and believes and thereon alleges that Liberty has breached the 2011 Liberty Auto Policy by other acts or omissions of which Southwest is presently unaware. Southwest will seek leave of court to amend this Counter-Claim at such time as Southwest discovers the other acts or omissions of Liberty constituting such breach.

29. As a direct and proximate result of the breaches of contracts by Liberty, Southwest has suffered damages in an amount to be determined according to proof presented at the time of trial, together with interest at the rate of ten percent (10%) per annum until paid.

## FOURTH CAUSE OF ACTION

### Breach of the Covenant of Good Faith and Fair Dealing (2011 Liberty Auto Policy)

### Southwest Against Liberty

30. Southwest realleges and incorporates by reference paragraphs 1 through 29 as if fully

1     set forth herein.

2   31.   The 2011 Liberty Auto Policy contains implied covenants of good faith and fair

3         dealing that the insurer will do nothing to unfairly deprive the insured of the benefits

4         of the contract or to place its own interest before the interest of the insured.

5   32.   Liberty has breached the implied covenant of good faith and fair dealing by, among

6         other things:

7         a.    Misrepresenting to Southwest pertinent facts and policy provisions relating to

8               the 2011 Liberty Auto Policy.

9         b.    Unjustly withholding the refund of monies owed to Southwest under the

10              policy.

11        c.    Interpreting the meaning of the terms contained in Southwest's Policies,

12              subsequent to the date of underwriting the policies and subsequent to

13              Southwest's filing claims, in such a way that unreasonably favors Liberty.

14        d.    Failing to give Southwest's interests equal consideration with its own interests.

15  33.   Southwest is informed and believes and thereon alleges that Liberty has breached its

16        duty of fair dealing and good faith owed to Southwest by other acts or omissions of

17        which Southwest is presently unaware. Southwest will seek leave of court to amend

18        this Counter-Claim at such time as Southwest discovers the other acts or omissions

19        of Liberty constituting such breach.

20  34.   As a proximate result of the aforementioned wrongful conduct of Liberty, Southwest

21        has suffered, and will continue to suffer in the future, damages under the policy, plus

22        interest, in an amount in excess of the jurisdictional requirements of this Court to be

23        proven at the time of trial.

24  35.   As a further proximate result of the aforementioned wrongful conduct of Liberty,

25        Southwest has been damaged in excess of the jurisdictional limits of this Court,

26        subject to proof at trial. Additionally Southwest has sustained and will continue to

27        sustain attorneys' fees and costs in litigating this coverage action with Liberty.

28  36.   Liberty's despicable conduct described herein was done with a wilful and conscious

disregard of Southwest's rights and with the intent to vex, injure, or annoy Southwest, such as to constitute oppression, fraud, or malice under California Civil Code Section 3294, justifying exemplary and punitive damages against Liberty in an amount appropriate to punish or set an example of Liberty and to deter such conduct in the future.

37.   Furthermore, Liberty's despicable conduct described was done with a conscious disregard of Southwest's rights and with the intent to vex, injure, or annoy Southwest, thereby entitling Southwest to prejudgment interest on all sums awarded at the time of trial in an amount to be determined in accordance with California Civil Code Section 3291.

## FIFTH CAUSE OF ACTION
### Negligent Misrepresentation
### Southwest Against Liberty

38.   Southwest realleges and incorporates by reference paragraphs 1 through 37 as if fully set forth herein.

39.   On or about November to December 2010, Liberty made oral and written promises to Southwest, which were contained within the insurance policies and the oral and written presentations made to Southwest, including, among other statements, that Southwest's maximum loss would be at a rate of 7.665 per $100 of WC Payroll but "not greater than" $2,092,490.

40.   By virtue of the agreement entered into between Liberty and Southwest, and the representations made by Liberty, Liberty owed Southwest a duty of care.

41.   On or about November to December 2010, Liberty also concealed and/or failed to disclose that Liberty changed the language in the final contract from stating that Southwest's maximum loss would be at a rate of 7.665 per $100 of WC Payroll but "not greater than" $2,092,490. to at a rate of 7.665 per $100 of WC Payroll but "not *less* than" $2,092,490.

42.   In doing the things mentioned herein, Liberty breached this duty of care and was

1  negligent in its making of representations to Southwest, in that Liberty failed to take

2  reasonable steps to ascertain whether its representations were, in fact, true.

3  43.  Southwest is informed and believes and thereon alleges that Liberty has committed

4  negligent misrepresentations by other acts or omissions of which Southwest is

5  presently unaware. Southwest will seek leave of court to amend this Counter-Claim

6  at such time as Southwest discovers the other acts or omissions of Liberty.

7  44.  Liberty made said promises and concealments and non-disclosures for the purpose of

8  inducing Southwest to enter into the insurance policies and to pay premiums thereon.

9  Southwest relied upon said promises, concealments and non-disclosures in entering

10  into the policies and paid, or caused to be paid, premiums thereon and refrained from

11  procuring other insurance.

12  45.  Despite its representations to the contrary, Liberty never at any time intended to

13  comply with those representations or reveal the concealment and non-disclosures,

14  and, in fact, consistently refused to do so, and thereby made said representations,

15  concealment and non-disclosures with the intent to defraud Southwest. Southwest

16  was unaware of Liberty's intention not to perform.

17  46.  Southwest justifiably and reasonably relied upon Liberty's promises, concealment and

18  non-disclosures.

19  47.  Within the last three years, Southwest learned Liberty's promises and statements were

20  false.

21  48.  As a proximate result of Southwest's reasonable reliance upon Liberty's promises,

22  concealments, non-disclosures, and false intentions, Southwest sustained damages,

23  including the payment of premiums and deductibles, plus interest, and other

24  incidental out-of-pocket costs and losses in an amount to be shown at the time of trial.

25  ## SIXTH CAUSE OF ACTION

26  ### Declaratory Relief

27  ### Southwest Against Liberty

28  49.  Southwest realleges and incorporates by reference paragraphs 1 through 48 as if fully

*Liberty Insurance Corp. v. Southwest Traders, Inc.*          Case No. ED CV 12-02151 JLQ (OPx)

**Counter-Claim**

1    set forth herein.

2   50.   An actual controversy exists between Southwest and Liberty relating to the legal

3         rights and duties of the respective parties arising out of the 2011 Liberty Workers'

4         Compensation Policy.

5   51.   On the one hand, upon information and belief, Liberty contends that the 2011 Liberty

6         Workers' Compensation Policy requires Southwest to pay $2,092,490 and Liberty

7         refuses to pay or account for the money owed back to Southwest on the 2011 Liberty

8         Auto Policy.

9   52.   On the other hand, Southwest contends that the 2011 Liberty Workers' Compensation

10        Policy does not require Southwest to pay $2,092,490 and that Liberty owes Southwest

11        a substantial refund on the 2011 Liberty Auto Policy.

12  53.   Southwest seeks a judicial declaration and determination that it be adjudged that

13        Southwest is not required to pay $2,092,490 and that Liberty is required to pay

14        Southwest the money owed to it under the 2011 Liberty Auto Policy.

15                        **SEVENTH CAUSE OF ACTION**

16                              **Set-Off**

17                       **Southwest Against Liberty**

18  54.   Southwest realleges and incorporates by reference paragraphs 1 through 53 as if fully

19        set forth herein.

20  55.   Southwest and Liberty entered into the 2011 Liberty Auto Policy - a written contract.

21        Exhibit B.

22  56.   Southwest paid a substantial premium to Liberty pursuant to the terms and conditions

23        of the 2011 Liberty Auto Policy.

24  57.   Liberty has failed to refund Southwest the amounts due to Southwest under the 2011

25        Liberty Auto Policy.

26  58.   Southwest is entitled to a set-off of any amount determined that Southwest owes to

27        Liberty under the 2011 Liberty Workers' Compensation Policy by the amounts owed

28        to Southwest under the 2011 Liberty Auto Policy.

*Liberty Insurance Corp. v. Southwest Traders, Inc.*                    Case No. ED CV 12-02151 JLQ (OPx)

**Counter-Claim**

## EIGHTH CAUSE OF ACTION

### Accounting

### Southwest Against Liberty

59. Southwest realleges and incorporates by reference paragraphs 1 through 58 as if fully set forth herein.

60. Liberty has received money from Southwest of which a portion is due and owing to Southwest pursuant to contract.

61. On account of the foregoing, the amount of money due to Southwest is unknown to Southwest and cannot be ascertained without a full accounting of Liberty.

62. Southwest has demanded an accounting and payment of the amounts due from Liberty, but Liberty has failed and refused, and continues to fail and refuse, to provide the requested accounting or to pay the amount due to Southwest.

**Wherefore,** Southwest prays for the following relief:

**As to the First Cause of Action for Breach of Contract:**

63. That a Judgment be issued declaring that Liberty breached its Agreement with Southwest;

64. For an award of contractual damages, including consequential and incidental damages, in an amount to be proved at trial;

65. For an award of interest, including prejudgment interest, at the legal rate;

66. For costs of suit as allowed by law;

67. For a declaration of the rights, duties and obligations of the parties, as stated herein;

68. For such further and other relief as the court deems equitable, proper and just.

**As to the Second Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing:**

69. That a Judgment be issued declaring that Liberty breached the Implied Covenant of Good Faith and Fair Dealing;

70. For an award of contractual damages, including consequential and incidental damages, in an amount to be proved at trial;

71.   For punitive and exemplary damages in an amount appropriate to punish Liberty and deter others from engaging in similar misconduct pursuant to California Civil Code § 3294;

72.   For injunctive relief, including immediate distribution of the premium on Southwest's 2011 Liberty Auto Policy retained by Liberty;

73.   For an award of interest, including prejudgment interest, at the legal rate;

74.   For costs of suit as allowed by law;

75.   For a declaration of the rights, duties and obligations of the parties, as stated herein;

76.   For such further and other relief as the court deems equitable, proper and just.

**As to the Third Cause of Action for Breach of Contract**:

77.   That a Judgment be issued declaring that Liberty breached its Agreement with Southwest;

78.   For an award of contractual damages, including consequential and incidental damages, in an amount to be proved at trial;

79.   For an award of interest, including prejudgment interest, at the legal rate;

80.   For costs of suit as allowed by law;

81.   For a declaration of the rights, duties and obligations of the parties, as stated herein;

82.   For such further and other relief as the court deems equitable, proper and just.

**As to the Fourth Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing:**

83.   That a Judgment be issued declaring that Liberty breached the Implied Covenant of Good Faith and Fair Dealing;

84.   For an award of contractual damages, including consequential and incidental damages, in an amount to be proved at trial;

85.   For punitive and exemplary damages in an amount appropriate to punish Liberty and deter others from engaging in similar misconduct pursuant to California Civil Code § 3294;

86.   For injunctive relief, including immediate distribution of the premium on Southwest's

1    2011 Liberty Auto Policy retained by Liberty;

2    87.   For an award of interest, including prejudgment interest, at the legal rate;

3    88.   For costs of suit as allowed by law;

4    89.   For a declaration of the rights, duties and obligations of the parties, as stated herein;

5    90.   For such further and other relief as the court deems equitable, proper and just.

6    **As to the Fifth Cause of Action for Negligent Misrepresentation:**

7    91.   That a Judgment be issued declaring that Liberty committed negligent
8          misrepresentation;

9    92.   For an award of damages in an amount to be proved at trial;

10   93.   For injunctive relief;

11   94.   For an award of interest, including prejudgment interest, at the legal rate;

12   95.   For costs of suit as allowed by law;

13   96.   For a declaration of the rights, duties and obligations of the parties, as stated herein;

14   97.   For such further and other relief as the court deems equitable, proper and just.

15   **As to the Sixth Cause of Action for Declaratory Relief:**

16   98.   For a declaration of the rights, duties, and obligations of the parties, as stated herein;

17   99.   For such other and further relief as this Court may deem just and proper.

18   **As to the Seventh Cause of Action for a Set-Off:**

19   100.  For an accounting of Southwest and Liberty;

20   101.  For the amount found to be due from Liberty to Southwest;

21   102.  For the amount found to be due from Southwest to Liberty;

22   103.  For an award of interest, including prejudgment interest, at the legal rate;

23   104.  For costs of suit as allowed by law;

24   105.  For such further and other relief as the court deems equitable, proper, and just.

25   **As to the Eighth Cause of Action for an Accounting:**

26   106.  For an accounting of Southwest and Liberty;

27   107.  For the amount found to be due from Liberty to Southwest;

28   108.  For an award of interest, including prejudgment interest, at the legal rate;

13

109.  For costs of suit as allowed by law;

110.  For such further and other relief as the court deems equitable, proper, and just.

### **JURY DEMAND**

111.  Southwest demands trial by Jury pursuant to Federal Rules of Civil Procedure Rule 38.


Dated:          May 10, 2013                    FOLDENAUER LAW GROUP, APC



                                                _____
                                                Sean M. Foldenauer
                                                Danwill D. Schwender
                                                Attorneys for Defendant Southwest Traders, Inc.
                                                E-mail: smf@foldenauerlaw.com

*Liberty Insurance Corp. v. Southwest Traders, Inc.*                    Case No. ED CV 12-02151 JLQ (OPx)

**Counter-Claim**

Exhibit A



# COMMERCIAL POLICY

## WORKERS' COMPENSATION AND

## EMPLOYERS' LIABILITY POLICY FOR

WC7-661-065726-010

Southwest Traders Incorporated
and as Per Named Insured Endorsement 1

27711 Diaz Rd
Temecula, CA 92590-3425

Liberty Mutual is the marketing name for the property and casualty insurance operations of Liberty Mutual Group Inc.  Products may be written in the following stock insurance company subsidiaries of Liberty Mutual Group Inc.:

      Liberty Mutual Insurance Company
      Liberty Mutual Fire Insurance Company
      Liberty Insurance Corporation
      LM Insurance Corporation
      The First Liberty Insurance Corporation
      Liberty Insurance Company of America
      Liberty County Mutual Insurance Company
      Wausau Business Insurance Company
      Wausau General Insurance Company
      Wausau Underwriters Insurance Company
      Employers Insurance Company of Wausau

Not all products and coverages are available in all companies or jurisdictions.

WLOGO        © 2009 Liberty Mutual Group of Companies.  All rights reserved.

ISSUING OFFICE 031
INFORMATION PAGE

**LIBERTY MUTUAL.**
Liberty Mutual Insurance Group/Boston
Liberty Insurance Corporation        21814

Workers Compensation and
Employers Liability Policy

| ACCOUNT NO.<br>6-065726 | SUB ACCT NO.<br>0000 | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| POLICY NO.<br>WC7-661-065726-010 | TD/CD<br>92/1 | SALES OFFICE<br>LOS ANGELES, CA | CODE<br>603 | SALES REPRESENTATIVE | | CODE<br>8813 | N/R<br>2 | 1ST YEAR<br>2008 |

Item 1. Name of Southwest Traders Incorporated
Insured  and as Per Named Insured Endorsement 1

FEIN 330191583

Address  27711 Diaz Rd
Temecula, CA 92590-3425

RISK ID 911301180

Status    Corporation

Other workplaces not shown above:  See Item 4

| Item 2. Policy Period: From | Mo.<br>12 | Day<br>01 | Year<br>2010 | to | Mo.<br>12 | Day<br>01 | Year<br>2011 |
|---|---|---|---|---|---|---|---|
| | 12:01 am | | | standard time at the address of the insured as stated herein. | | | |

Item 3. Coverage

A.  Workers Compensation Insurance: Part One of the policy applies to the Workers Compensation Law of the states listed here:

AZ CA CO GA NV OR TX

B.  Employers Liability Insurance: Part Two of the policy applies to work in each state listed in item 3.A.  The limits of our liability under Part Two are:

Bodily Injury by Accident  $ 1,000,000    each accident
Bodily Injury by Disease   $ 1,000,000    policy limit
Bodily Injury by Disease   $ 1,000,000    each employee

C.  Other States Insurance: Part Three of the policy applies to the states, if any, listed here:
All States except those listed in Item 3.A and the States of:
ND OH WA WY

D.  This policy includes these endorsements and schedules:   SEE EXTENSION OF INFORMATION PAGE

Item 4. Premium — The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| | | Premium Basis<br>Estimated<br>Total Annual<br>Remuneration | Rates<br>Per $100<br>of Re-<br>muneration | LINB    110<br>Estimated<br>Annual<br>Premium |
|---|---|---|---|---|
| Classifications | Code<br>No. | | | |
| SEE EXTENSION OF INFORMATION PAGE | | | | |

| Minimum Premium $ 1250   (CA) | Total Estimated Annual Premium $  1,612,305 |
|---|---|
| Interim adjustment of premium shall be made:  Annual | Deposit Premium    $  1,612,305 |

This policy, including all endorsements issued therewith, is hereby countersigned by _Patricia Speeder_

Authorized Representative      Date 12/16/2010

| Loc. Code | Term. Oper.  MM<br>12/16/2010 | Audit Basis<br>1 | Periodic Payment | Rating Basis<br>R | Pol. H.G. | Home State<br>CA | Dividend | Renewal Of<br>WC7-661-065726-019 |
|---|---|---|---|---|---|---|---|---|

GPO 4036 R1

Copyright 1987 National Council on Compensation Insurance

WC 00 00 01 A

Liberty Insurance Corporation

Item 3. Coverage D - Extension of Information Page

## Miscellaneous Form and Endorsement Schedule

| Policy Notices and Applications |
|---|

| Form Number | Form Name |
|---|---|
| BS 912 R3 | Notice of Election to Accept or Reject an Insurance Deductible for Georgia Workers Compensation Law |
| BS 965 R1 | Notice of Election to Accept or Reject an Insurance Deductible for Colorado Workers Compensation Law |
| GPO 4113 R1 | Workers' Compensation Disclosure Form - Important Notice to Policyholders |
| GPO 4170 R1 | Important Notice |
| GPO 4570 R7 | California Workers' Compensation Notice To Policyholders |
| GPO 4601 | Notice to Oregon Workers Compensation Insurance Policyholders |
| GPO 4614 R3 | California Notice to Policyholder |
| GPO 4740 | Colorado Notice to Policyholders |
| GPO 4750 | Georgia Notice |
| GPO 4844 | Oregon Insurance Guaranty Association Surcharge |
| GPO 4983 R1 | California Assessments and Surcharge |
| SNW 04 01 09 10 | California Insurance Guarantee Association (CIGA) Surcharge |
| GPO 4756 R4 | Liberty Mutual Workers Compensation, Group Benefits, and Helmsman Management Services, LLC Privacy Practices Disclosure Notice |
| SNW 04 02 07 10 | California Loss Control Services |
| SNW 36 01 07 10 | Oregon Loss Control Services |
| SNW 42 01 07 10 | Texas Loss Control Services |

| Policy Schedules |
|---|

| Form Number | Form Name |
|---|---|
| WC 00 00 00 A | WC Company 7 Jacket (GPO 4035 R1) |
| WC 00 00 01 A | Information Page (1 YR) |
| GPO 4741 | Miscellaneous Form and Endorsement Schedule |
| PA 505 | Premium Summary Report by State |
| GPO 2923 | Item 4. Premium - Extension of Information Page |
| GPO 4162 R1 | Named Insured Link Schedule |

| Policy Endorsements |
|---|

| Form Number | Form Name | End Serial No. | Comments |
|---|---|---|---|
| 102 | Name of Insured Endorsement | End. 1 | Expiring 1 |

Policy No. WC7-661-065726-010                                    Page 1

GPO 4741
Ed.01/01/2001                                              WC 00 00 01 A

Liberty Insurance Corporation

Item 3. Coverage D - Extension of Information Page

## Miscellaneous Form and Endorsement Schedule

Continued:

| Policy Endorsements | | | |
|---|---|---|---|
| **Form Number** | **Form Name** | **End Serial No.** | **Comments** |
| 102 023 F | Knowledge and Notice of Occurrence Endorsement | End. 2 | 2 |
| WC 00 03 11 A | Voluntary Compensation and Employers Liability Coverage Endorsement | End. 3 | 3 |
| WC 00 03 13 | Waiver of Our Right to Recover From Others Endorsement | End. 4 | 4 |
| WC 00 04 14 | Notification of Change in Ownership Endorsement | End. 5 | 6 |
| WC 00 04 19 | Premium Due Date Endorsement | End. 6 | 7 |
| WC 00 04 21 C | Catastrophe (Other Than Certified Acts of Terrorism) Premium Endorsement | End. 7 | 8 |
| WC 00 04 22 A | Terrorism Risk Insurance Program Reauthorization Act Disclosure Endorsement | End. 8 | 9 |
| WC 00 05 16 | Retrospective Rating Plan Premium Endorsement - Large Risk Alternative Rating Option (LRARO) | End. 9 | New |
| WC 02 04 01 C | Arizona Alcohol- and Drug-Free Workplace Premium Credit Endorsement | End. 10 | 10 |
| WC 02 06 01 | Arizona Cancellation | End. 11 | 11 |
| WC 04 03 01 A | Policy Amendatory Endorsement - California | End. 12 | 12 |
| WC 04 03 05 | Voluntary Compensation and Employers Liability Coverage Endorsement - California | End. 13 | 13 |
| WC 04 03 17 | Endorsement Agreement Limiting and Restricting This Insurance: California - Employee Insured by General Employer Excluded | End. 14 | 14 |
| WC 04 03 60 A | Employers' Liability Coverage Amendatory Endorsement - California | End. 15 | 15 |
| WC 04 04 21 | Optional Premium Increase Endorsement - California | End. 16 | 17 |

Policy No. WC7-661-065726-010

Page 2

GPO 4741
Ed.01/01/2001

WC 00 00 01 A

Liberty Insurance Corporation

Item 3. Coverage D - Extension of Information Page

## Miscellaneous Form and Endorsement Schedule

Continued:

| Policy Endorsements | | | |
|---|---|---|---|
| **Form Number** | **Form Name** | **End Serial No.** | **Comments** |
| WC 04 06 01 A | California Cancelation Endorsement | End. 17 | 18 |
| WC 05 04 02 | Colorado Classification Endorsement | End. 18 | 19 |
| WC 05 04 03 | Colorado Premium Credit for Certified Risk Management Programs | End. 19 | 20 |
| WC 10 06 01 A | Georgia Cancelation, Nonrenewal and Change Endorsement | End. 20 | 21 |
| WC 27 06 01 C | Nevada Cancellation and Nonrenewal Endorsement | End. 21 | 22 |
| WC 36 03 01 | Oregon Unsafe Equipment Exclusion | End. 22 | 23 |
| WC 36 03 06 | Oregon Limits of Liability Endorsement | End. 23 | 24 |
| WC 36 04 06 | Oregon Premium Due Date Endorsement | End. 24 | 25 |
| WC 36 06 01 E | Oregon Cancellation Endorsement | End. 25 | 26 |
| WC 42 03 01 F | Texas Amendatory Endorsement | End. 26 | 27 |
| WC 42 04 07 | Texas - Audit Premium and Retrospective Premium Endorsement | End. 27 | 28 |
| WC 42 04 08 | Texas Health Care Network Endorsement | End. 28 | 29 |
| WC 99 03 04 | Notice of Cancellation | End. 29 | 30 |
| WC 99 04 35 | California Amendatory Endorsement | End. 30 | 31 |
| WC 99 06 57 | Colorado Cancellation Notice | End. 31 | 32 |
| WC 99 20 07 | Countersignature Endorsement - Nevada | End. 32 | New |
| WC 99 20 08 | Countersignature Endorsement - Arizona | End. 33 | New |

Policy No. WC7-661-065726-010

GPO 4741
Ed.01/01/2001

Page 3

WC 00 00 01 A

## State Premium Summary

| State | Payroll Exposure | Total Premium | Assessment & Surcharge |
|---|---|---|---|
| Arizona | 2,277,000 | 106,072 | 0 |
| California | 20,193,000 | 1,177,403 | 55,383 |
| Colorado | 385,000 | 16,546 | 0 |
| Georgia | 0 | 0 | 0 |
| Nevada | 140,000 | 7,277 | 0 |
| Oregon | 55,000 | 3,091 | 142 |
| Texas | 4,250,000 | 301,916 | 0 |
| Totals | 27,300,000 | 1,612,305 | 55,525 |

Item 4. Premium - Extension of Information Page

| Classification of Operations | | Premium Basis | Rate | |
|---|---|---|---|---|
| Entries in this item, except as specifically provided elsewhere in this policy, do not modify any of the other provisions of this policy. | Class Code | Payroll - Unless otherwise indicated a) Flat Charge b) Per Capita c) Passenger Seat d) Premium e) Other | Payroll Per $100 | Estimated Premium |
| **Arizona** | | | | |
| Tolleson: 1401 W Van Buren St 85353 | | | | |
| Store: Wholesale NOC | 8018 | 2,165,000 | 2.42 | 52,393 |
| Clerical Office Employees NOC | 8810 | 112,000 | .15 | 168 |
| Manual Premium | | | | $52,561 |
| Employers Liability Increased Limits Premium | 9812 | | .02 | 1,051 |
| Experience Modification (1.97 FNL) | 9898 d) | 53,612 | | 52,004 |
| Modified Premium | | | | $105,616 |
| Standard Premium | | | | $105,616 |
| Terrorism | 9740 | 2,277,000 | .01 | 228 |
| Catastrophe (other than Certified Acts of Terrorism) | 9741 | 2,277,000 | .01 | 228 |
| Total Premium for Arizona | | | | $106,072 |
| **California** | | | | |
| Temecula: 27111 Diaz Rd 92590 | | | | |
| Temecula: 27565 Diaz Rd 92590 | | | | |
| Fresno: 324 N Fruit Ave 93711 | | | | |
| Sacramento: 3514 La Grande Blvd 95823 | | | | |
| Murietta: 39252 Winchester Rd., #107-159 92563 | | | | |
| Stockton: 4747 Frontier Way 95215 | | | | |
| Stores - Wholesale - NOC | 8018 | 14,325,000 | 6.71 | 961,208 |
| Salespersons - Outside | 8742 | 1,990,000 | .63 | 12,537 |
| Clerical Office Employees - NOC | 8810 | 3,878,000 | .53 | 20,553 |
| Manual Premium | | | | $994,298 |

Item 4. Premium - Extension of Information Page

| Classification of Operations | | Premium Basis | Rate | |
|---|---|---|---|---|
| Entries in this item, except as specifically provided elsewhere in this policy, do not modify any of the other provisions of this policy. | Class Code | Payroll - Unless otherwise indicated a) Flat Charge b) Per Capita c) Passenger Seat d) Premium e) Other | Payroll - Per $100 | Estimated Premium |
| Continued: | | | | |
| California | | | | |
| Employers Liability Increased Limits Premium | 9812 | | .028 | 27,840 |
| Experience Modification (1.43 FNL) | 9898 | d) | 1,022,138 | 439,519 |
| Modified Premium | | | | $1,461,657 |
| Schedule Rating | 9887 | | .20 | (292,331) |
| Standard Premium | | | | $1,169,326 |
| Terrorism | 9740 | 20,193,000 | .03 | 6,058 |
| Catastrophe (other than Certified Acts of Terrorism) | 9741 | 20,193,000 | .01 | 2,019 |
| Total Premium for California | | | | $1,177,403 |
| California Insurance Guarantee Association | 0936 | d) | 1,177,403 | .02 | 23,548 |
| California User Fund/WC Administrative Revolving Fund | 0935 | d) | 1,177,403 | .015166 | 17,856 |
| California Uninsured Employers Benefit Trust Fund Assessment | 0937 | d) | 1,177,403 | .001849 | 2,177 |
| California Subsequent Injuries Benefits Trust Fund Assessment | 0938 | d) | 1,177,403 | .00105 | 1,236 |
| California Occupational Safety & Health Fund Assessment | 0939 | d) | 1,177,403 | .003064 | 3,608 |
| California Labor Enforcement & Compliance Fund Assessment | 0992 | d) | 1,177,403 | .001924 | 2,265 |
| California Fraud Investigation/Prosecution Surcharge | 9703 | d) | 1,177,403 | .003986 | 4,693 |

Policy No. WC7-661-065726-010

Page No. 2

GPO 2923
Ed. 01/01/2001

WC 00 00 01 A

Item 4. Premium - Extension of Information Page

| Classification of Operations | Class Code | Premium Basis | Rate | Estimated Premium |
|---|---|---|---|---|
| Entries in this item, except as specifically provided elsewhere in this policy, do not modify any of the other provisions of this policy. | | Payroll - Unless otherwise indicated<br>a) Flat Charge<br>b) Per Capita<br>c) Passenger Seat<br>d) Premium<br>e) Other | Payroll - Per $100 | |
| **Colorado** | | | | |
| Denver: 5110 Peoria St 80239 | | | | |
| Store: Wholesale NOC | 8018 | 385,000 | 2.64 | 10,164 |
| Manual Premium | | | | $10,164 |
| Employers Liability Increased Limits Premium | 9812 | | .028 | 285 |
| Experience Modification(1.97 FNL) | 9898 d) | 10,449 | | 10,136 |
| Modified Premium | | | | $20,585 |
| Schedule Rating | 9887 | | .20 | (4,117) |
| Standard Premium | | | | $16,468 |
| Terrorism | 9740 | 385,000 | .01 | 39. |
| Catastrophe (other than Certified Acts of Terrorism) | 9741 | 385,000 | .01 | 39 |
| Total Premium for Colorado | | | | $16,546 |
| **Georgia** | | | | |
| Salespersons or Collectors - Outside | 8742 | If Any | .37 | 0 |
| Experience Modification(1.97 FNL) | 9898 d) | | | 0 |
| Schedule Rating | 9887 | | .15 | 0 |
| Terrorism | 9740 | | .01 | 0 |
| Catastrophe (other than Certified Acts of Terrorism) | 9741 | | .01 | 0 |
| Georgia Insurers Insolvency Pool Surcharge | 0935 d) | | .00 | 0 |

Policy No. WC7-661-065726-010

Page No. 3

GPO 2923
Ed. 01/01/2001

WC 00 00 01 A

Item 4. Premium - Extension of Information Page

| Classification of Operations | | Premium Basis | Rate | |
|---|---|---|---|---|
| Entries in this item, except as specifically provided elsewhere in this policy, do not modify any of the other provisions of this policy. | Class Code | Payroll - Unless otherwise indicated a) Flat Charge b) Per Capita c) Passenger Seat d) Premium e) Other | Payroll - Per $100 | Estimated Premium |
| **Nevada** | | | | |
| Las Vegas: 3095 E Patrick Ln 89120 | | | | |
| Store: Wholesale NOC | 8018 | 140,000 | 3.09 | 4,326 |
| Manual Premium | | | | $4,326 |
| Employers Liability Increased Limits Premium | 9812 | | .028 | 121 |
| Experience Modification(1.97 FNL) | 9898 d) | 4,447 | | 4,314 |
| Modified Premium | | | | $8,761 |
| Schedule Rating | 9887 | | .20 | (1,752) |
| Standard Premium | | | | $7,009 |
| Expense Constant | 0900 | | | 240 |
| Terrorism | 9740 | 140,000 | .01 | 14 |
| Catastrophe (other than Certified Acts of Terrorism) | 9741 | 140,000 | .01 | 14 |
| Total Premium for Nevada | | | | $7,277 |
| **Oregon** | | | | |
| Portland: 2130 NE Wiedler St 97232 | | | | |
| Store: Wholesale NOC | 8018 | 55,000 | 2.81 | 1,546 |
| Manual Premium | | | | $1,546 |
| Employers Liability Increased Limits Premium | 9812 | | .011 | 17 |
| Experience Modification(1.97 FNL) | 9898 d) | 1,563 | | 1,516 |
| Modified Premium | | | | $3,079 |
| Standard Premium | | | | $3,079 |
| Terrorism | 9740 | 55,000 | .01 | 6 |

Policy No. WC7-661-065726-010

GPO 2923
Ed. 01/01/2001

WC 00 00 01 A

Item 4. Premium - Extension of Information Page

| Classification of Operations | | Premium Basis | Rate | |
|---|---|---|---|---|
| Entries in this item, except as specifically provided elsewhere in this policy, do not modify any of the other provisions of this policy. | Class Code | Payroll - Unless otherwise indicated<br>a) Flat Charge<br>b) Per Capita<br>c) Passenger Seat<br>d) Premium<br>e) Other | Payroll - Per $100 | Estimated Premium |
| Continued: | | | | |
| Oregon | | | | |
| Portland: 2130 NE Wiedler St 97232 | | | | |
| Catastrophe (other than Certified Acts of Terrorism) | 9741 | 55,000 | .01 | 6 |
| Total Premium for Oregon | | | | $3,091 |
| Oregon WC Premium Assessment | 0935 d) | 3,091 | .046 | 142 |
| Oregon Insurance Guaranty Association Surcharge | 0936 a) | | | 0 |
| Texas | | | | |
| Grand Prairie: 1125 Isuzu Pkwy 75050 | | | | |
| Houston: 8050 A Harrisburg Blvd 77012 | | | | |
| Dallas: 8900 Old Hickory Trl 75237 | | | | |
| Store: Wholesale NOC & Drivers | 8018 | 3,975,000 | 4.69 | 186,428 |
| Salespersons, Collectors or Messengers - Outside | 8742 | 85,000 | .37 | 315 |
| Clerical Office Employees NOC | 8810 | 190,000 | .23 | 437 |
| Manual Premium | | | | $187,180 |
| Employers Liability Increased Limits Premium | 9812 | | .02 | 3,744 |
| Experience Modification(1.97 FNL) | 9898 d) | 190,924 | | 185,196 |
| Modified Premium | | | | $376,120 |
| Schedule Rating | 9887 | | .20 | (75,224) |
| Standard Premium | | | | $300,896 |
| Terrorism | 9740 | 4,250,000 | .024 | 1,020 |
| Total Premium for Texas | | | | $301,916 |

## NAMED INSURED LINK SCHEDULE

| Name Link Code | Insured Name/Location | City | State | Zip |
|---|---|---|---|---|
| 001 | Southwest Traders Incorporated | | | |
| 001 | Telephone Number: (951) 506-3106 | | | |
| 001 | FEIN: 33-0191583 | | | |
| 001 | Legal Status: Corporation | | | |
| 001 | No Specific Location | | GA | |
| 001 | 3514 La Grande Blvd | Sacramento | CA | 95823 |
| 001 | 4747 Frontier Way | Stockton | CA | 95215 |
| 001 | 3095 E Patrick Ln | Las Vegas | NV | 89120 |
| 001 | No. of Employees: 38 | | | |
| 001 | NAIC Code:424410 | | | |
| 001 | 5110 Peoria St | Denver | CO | 80239 |
| 001 | 2130 NE Wiedler St | Portland | OR | 97232 |
| 001 | 1401 W Van Buren St | Tolleson | AZ | 85353 |
| 001 | 1125 Isuzu Pkwy | Grand Prairie | TX | 75050 |
| 001 | 27111 Diaz Rd | Temecula | CA | 92590 |
| 001 | 324 N Fruit Ave | Fresno | CA | 93711 |
| 001 | 8050 A Harrisburg Blvd | Houston | TX | 77012 |
| 001 | 27565 Diaz Rd | Temecula | CA | 92590 |
| 001 | 8900 Old Hickory Trl | Dallas | TX | 75237 |
| | | | | |
| 002 | SFT Business Management, Inc. | | | |
| 002 | Telephone Number: (951) 506-3106 | | | |
| 002 | FEIN: 26-3349423 | | | |
| 002 | Legal Status: Corporation | | | |
| 002 | 27111 Diaz Rd | Temecula | CA | 92590 |
| | | | | |
| 003 | Sweet Chills, Inc, dba: Miss Karen's | | | |
| 003 | Telephone Number: (951) 506-3106 | | | |
| 003 | FEIN: 27-3124339 | | | |
| 003 | Legal Status: Corporation | | | |
| 003 | 39252 Winchester Rd., #107-159 | Murietta | CA | 92563 |

Policy No. WC7-661-065726-010

GPO4162 R1
Page 1
Ed. 11/01/2004

## NAME OF INSURED ENDORSEMENT

It is agreed that the Name of the Insured is as follows:

Southwest Traders Incorporated
FEIN:33-0191583

SFT Business Management, Inc.
FEIN:26-3349423

Sweet Chills, Inc, dba: Miss Karen's
FEIN:27-3124339

This endorsement is executed by the Liberty Insurance Corporation                    21814

Premium $

Effective Date                              Expiration Date

For attachment to Policy No. WC7-661-065726-010

Countersigned by_____

                                        Authorized Representative

                                        End. Serial No. 1

W102NIS
PAGE 1

## KNOWLEDGE AND NOTICE OF OCCURRENCE ENDORSEMENT

It is understood and agreed that the following is added to paragraph 3 of PART FOUR-YOUR DUTIES IF INJURY OCCURS.

Your duty to give us all notices, demands and legal papers related to the injury, claim, proceedings or suit does not apply to the knowledge of such injury, claim, proceedings or suit, known by any agent, servant, employee, contractor or sub contractor, unless you have designated such person as a representative of the First named Insured for this policy.

This endorsement is executed by the Liberty Insurance Corporation                    21814

Premium $

Effective Date                              Expiration Date

For attachment to Policy No. WC7-661-065726-010

Countersigned by_____
                                    Authorized Representative

                              End. Serial No. 2

102 023 F
Page 1 of 1
V.NM

## VOLUNTARY COMPENSATION AND EMPLOYERS LIABILITY COVERAGE ENDORSEMENT

This endorsement adds Voluntary Compensation Insurance to the policy.

### A. How This Insurance Applies

This insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. The bodily injury must be sustained by an employee included in the group of employees described in the Schedule.

2. The bodily injury must arise out of and in the course of employment necessary or incidental to work in a state listed in the Schedule.

3. The bodily injury must occur in the United States of America, its territories or possessions, or Canada, and may occur elsewhere if the employee is a United States or Canadian citizen temporarily away from those places.

4. Bodily injury by accident must occur during the policy period.

5. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

### B. We Will Pay

We will pay an amount equal to the benefits that would be required of you if you and your employees described in the Schedule were subject to the workers compensation law shown in the Schedule. We will pay those amounts to the persons who would be entitled to them under the law.

### C. Exclusions

This insurance does not cover:

1. any obligation imposed by a workers compensation or occupational disease law, or any similar law.

2. bodily injury intentionally caused or aggravated by you.

WC 00 03 11 A
Page 1 of 3
Copyright 2005 National Council on Compensation Insurance, Inc.

## VOLUNTARY COMPENSATION AND EMPLOYERS LIABILITY COVERAGE
## ENDORSEMENT

**D. Before We Pay**

Before we pay benefits to the persons entitled to them, they must:

1. Release you and us, in writing, of all responsibility for the injury or death.

2. Transfer to us their right to recover from others who may be responsible for the injury or death.

3. Cooperate with us and do everything necessary to enable us to enforce the right to recover from others.

If the persons entitled to the benefits of this insurance fail to do those things, our duty to pay ends at once. If they claim damages from you or from us for the injury or death, our duty to pay ends at once.

**E. Recovery From Others**

If we make a recovery from others, we will keep an amount equal to our expenses of recovery and the benefits we paid. We will pay the balance to the persons entitled to it. If the persons entitled to the benefits of this insurance make a recovery from others, they must reimburse us for the benefits we paid them.

**F. Employers Liability Insurance**

Part Two (Employers Liability Insurance) applies to bodily injury covered by this endorsement as though the State of Employment shown in the Schedule were shown in Item 3.A. of the Information Page.

WC 00 03 11 A
Page 2 of 3
Copyright 2005 National Council on Compensation Insurance, Inc.

# VOLUNTARY COMPENSATION AND EMPLOYERS LIABILITY COVERAGE ENDORSEMENT

## Schedule

| Employees | State of Employment | Designated Workers' Compensation Law |
|---|---|---|
| All officers and employees not subject to the workers compensation law | All states except: NJ-WI | State of Hire |
| | See state specific endorsement for CA | |

This endorsement is executed by the Liberty Insurance Corporation                    21814

Premium $

Effective Date                              Expiration Date

For attachment to Policy No. WC7-661-065726-010

Countersigned by_____

Authorized Representative

End. Serial No. 3

WC 00 03 11 A
Page 3 of 3
Copyright 2005 National Council on Compensation Insurance, Inc.

## WAIVER OF OUR RIGHT TO RECOVER FROM OTHERS ENDORSEMENT

We have the right to recover our payments from anyone liable for an injury covered by this policy.  We will not enforce our right against the person or organization named in the Schedule.  (This agreement applies only to the extent that you perform work under a written contract that requires you to obtain this agreement from us.)

This agreement shall not operate directly or indirectly to benefit anyone not named in the Schedule.

Schedule

Where required by contract or written agreement prior to loss

This endorsement is executed by the Liberty Insurance Corporation                     21814

Premium $

Effective Date                           Expiration Date

For attachment to Policy No. WC7 - 661 - 065726 - 010

Countersigned by_____

Authorized Representative

End. Serial No. 4

**WC 00 03 13**
Ed. 4/1/1984
Copyright 1983 National Council on Compensation Insurance.

## NOTIFICATION OF CHANGE IN OWNERSHIP ENDORSEMENT

Experience rating is mandatory for all eligible insureds.  The experience rating modification factor, if any, applicable to this policy, may change if there is a change in your ownership or in that of one or more of the entities eligible to be combined with you for experience rating purposes.   Change in ownership includes sales, purchases, other transfers, mergers, consolidations, dissolutions, formations of a new entity and other changes provided for in the applicable experience rating plan manual.

You must report any change in ownership to us in writing within 90 days of such change.  Failure to report such changes within this period may result in revision of the experience rating modification factor used to determine your premium.

Not Applicable in California, Delaware, Michigan,
New Jersey, Pennsylvania, Texas

This endorsement is executed by the Liberty Insurance Corporation                    21814

Premium $

Effective Date                          Expiration Date

For attachment to Policy No. WC7-661-065726-010

Countersigned by _____

                                                    Authorized Representative

                                    End. Serial No. 5

WC 00 04 14
Page 1 of 1
Ed. 07/01/1990
Copyright 1990 National Council on Compensation Insurance, Inc.

# PREMIUM DUE DATE ENDORSEMENT

This endorsement is used to amend:

Section D. of Part Five of the policy is replaced by this provision.

**PART FIVE**
**PREMIUM**

D. **Premium** is amended to read:
   You will pay all premium when due. You will pay the premium even if part or all of a workers compensation law is not valid. **The due date for audit and retrospective premiums is the date of the billing.**


   Not Applicable in Arizona, Georgia, Massachusetts, Oregon, Tennessee, Texas and Virginia

   See state specific endorsements for OR and TX

This endorsement is executed by the Liberty Insurance Corporation                    21814

Premium $

Effective Date                    Expiration Date

For attachment to Policy No. WC7-661-065726-010

Countersigned by_____

Authorized Representative

End. Serial No. 6

**WC 00 04 19**
Page 1 of 1
Ed. 01/01/1/2001
Copyright 2000 National Council on Compensation Insurance, Inc.  All Rights Reserved.

## CATASTROPHE (OTHER THAN CERTIFIED ACTS OF TERRORISM) PREMIUM ENDORSEMENT

This endorsement is notification that your insurance carrier is charging premium to cover the losses that may occur in the event of a Catastrophe (other than Certified Acts of Terrorism) as that term is defined below. Your policy provides coverage for workers compensation losses caused by a Catastrophe (other than Certified Acts of Terrorism). This premium charge does not provide funding for Certified Acts of Terrorism contemplated under the Terrorism Risk Insurance Program Reauthorization Act Disclosure Endorsement (WC 00 04 22A), attached to this policy.

For purposes of this endorsement, the following definitions apply:

- Catastrophe (other than Certified Acts of Terrorism): Any single event, resulting from an Earthquake, Noncertified Act of Terrorism, or Catastrophic Industrial Accident, which results in aggregate workers compensation losses in excess of $50 million.

- Earthquake: The shaking and vibration at the surface of the earth resulting from underground movement along a fault plane or from volcanic activity.

- Noncertified Act of Terrorism: An event that is not certified as an Act of Terrorism by the Secretary of Treasury pursuant to the Terrorism Risk Insurance Act of 2002 (as amended) but that meets all of the following criteria:
    a. It is an act that is violent or dangerous to human life, property, or infrastructure;
    b. The act results in damage within the United States, or outside of the United States in the case of the premises of United States missions or air carriers or vessels as those terms are defined in the Terrorism Risk Insurance Act of 2002 (as amended); and
    c. It is an act that has been committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

- Catastrophic Industrial Accident: A chemical release, large explosion, or small blast that is localized in nature and affects workers in a small perimeter the size of a building.

The premium charge for the coverage your policy provides for workers compensation losses caused by a Catastrophe (other than Certified Acts of Terrorism) is shown in Item 4 of the Information Page or in the Schedule below.

### Schedule

| State | Rate | Premium |
|-------|------|---------|

See Premium Schedule GPO 2923

Not applicable in Connecticut until new and renewal policies effective 1/1/2009 and after.

This endorsement is executed by the Liberty Insurance Corporation                    21814

Premium $

Effective Date                 Expiration Date

For attachment to Policy No. WC7-661-065726-010

Countersigned by_____

                                    Authorized Representative

                        End. Serial No. 7

WC 00 04 21 C
Page 1 of 1
Ed. 09/01/2008
Copyright 2008 National Council on Compensation Insurance, Inc. All Rights Reserved.

## TERRORISM RISK INSURANCE PROGRAM REAUTHORIZATION ACT
## DISCLOSURE ENDORSEMENT

This endorsement addresses the requirements of the Terrorism Risk Insurance Act of 2002 as amended and extended by the Terrorism Risk Insurance Program Reauthorization Act of 2007. It serves to notify you of certain limitations under the Act, and that your insurance carrier is charging premium for losses that may occur in the event of an Act of Terrorism.

Your policy provides coverage for workers compensation losses caused by Acts of Terrorism, including workers compensation benefit obligations dictated by state law. Coverage for such losses is still subject to all terms, definitions, exclusions, and conditions in your policy, and any applicable federal and/or state laws, rules, or regulations.

### Definitions
The definitions provided in this endorsement are based on and have the same meaning as the definitions in the Act. If words or phrases not defined in this endorsement are defined in the Act, the definitions in the Act will apply.

"Act" means the Terrorism Risk Insurance Act of 2002, which took effect on November 26, 2002, and any amendments thereto resulting from the Terrorism Risk Insurance Program Reauthorization Act of 2007.

"Act of Terrorism" means any act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State, and the Attorney General of the United States as meeting all of the following requirements:

- a. The act is an act of terrorism.
- b. The act is violent or dangerous to human life, property, or infrastructure.
- c. The act resulted in damage within the United States, or outside of the United States in the case of the premises of United States missions or certain air carriers or vessels.
- d. The act has been committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

"Insured Loss" means any loss resulting from an act of terrorism (and, except for Pennsylvania, including an act of war, in the case of workers compensation) that is covered by primary or excess property and casualty insurance issued by an insurer if the loss occurs in the United States or at the premises of United States missions or to certain air carriers or vessels.

"Insurer Deductible" means, for the period beginning on January 1, 2008, and ending on December 31, 2014, an amount equal to 20% of our direct earned premiums, over the calendar year immediately preceding the applicable Program Year.

"Program Year" refers to each calendar year between January 1, 2008 and December 31, 2014, as applicable.

### Limitation of Liability
The Act limits our liability to you under this policy. If aggregate Insured Losses exceed $100,000,000,000 in a Program Year and if we have met our Insurer Deductible, we are not liable for the payment of any portion of the amount of Insured Losses that exceeds $100,000,000,000; and for aggregate Insured Losses up to $100,000,000,000, we will pay only a pro rata share of such Insured Losses as determined by the Secretary of the Treasury.

WC 00 04 22 A
Page 1 of 2
Ed. 09/01/2008
Copyright 2008 National Council on Compensation Insurance, Inc. All rights Reserved.

## TERRORISM RISK INSURANCE PROGRAM REAUTHORIZATION ACT
## DISCLOSURE ENDORSEMENT

**Policyholder Disclosure Notice**

1. Insured Losses would be partially reimbursed by the United States Government. If the aggregate industry Insured Losses exceeds $100,000,000 in a Program Year, the United States Government would pay 85% of our Insured Losses that exceed our Insurer Deductible.

2. Notwithstanding Item 1 above, the United States Government will not make any payment under the Act for any portion of Insured Losses that exceed $100,000,000,000.

3. The premium charged for the coverage your policy provides for Insured Losses is included in the amount shown in Item 4 of the Information Page or in the Schedule below.

**Schedule**

| State | Rate | Premium |
|-------|------|---------|
|       |      |         |

Not applicable in Florida.

Not applicable in Massachusetts until new and renewal policies effective 10/1/2008 and after.

Not applicable in Connecticut until new and renewal policies effective 1/1/2009 and after.

This endorsement is executed by the Liberty Insurance Corporation          21814

Premium $

Effective Date                          Expiration Date

For attachment to Policy No. WC7-661-065726-010

Countersigned by_____

Authorized Representative

End. Serial No. 8

**WC 00 04 22 A**
Page 2 of 2
Ed. 09/01/2008
Copyright 2008 National Council on Compensation Insurance, Inc. All rights Reserved.

## RETROSPECTIVE RATING PLAN PREMIUM ENDORSEMENT- LARGE RISK ALTERNATIVE RATING OPTION (LRARO)

This endorsement is issued because you chose to have the cost of the insurance rated retrospectively. This endorsement applies only to workers compensation and employers liability insurance when rated under the provisions of the Large Risk Alternative Rating Option that we have negotiated with you.

This endorsement is executed by the Liberty Insurance Corporation                    21814

Premium $

Effective Date                              Expiration Date

For attachment to Policy No. WC7-661-065726-010

Countersigned by_____
                                Authorized Representative

End. Serial No. 9

WC 00 05 16
Page 1 of 1
Ed. 01/01/2010
Copyright 2009 National Council on Compensation Insurance, Inc. All Rights Reserved.

# ARIZONA ALCOHOL- AND DRUG-FREE WORKPLACE
## PREMIUM CREDIT ENDORSEMENT

This endorsement applies only to the insurance provided by the policy because Arizona is shown in Item 3.A. of the Policy Information Page.

This endorsement provides notice that premium for your policy may be affected by the Arizona Alcohol- and Drug-Free Workplace Premium Credit Program.

You may qualify for a 5% premium credit if you have established and maintain a qualifying alcohol- and drug-free workplace program in accordance with Title 23, Chapter 2, Article 14 of Arizona Statutes.

We will determine your eligibility for this premium credit after total premium has been paid for the policy period and may be revised at the time your final premium audit is processed.

The determination that you have a qualifying program must be made each year that you receive the premium credit. To implement a premium credit program, the following guidelines must be established:

1. Insurers offering the premium credit program may apply a 5% premium credit to qualifying employers.

2. To receive the premium credit, you must:

   a. Provide a written statement to the insurer prior to or within 30 days after the beginning of the policy effective date each year, certifying that the business has implemented a program meeting the requirements of Title 23, Chapter 2, Article 14.
   b. At any time during the term of the policy, provide additional information to the insurer, as required, to confirm that a qualifying program has been established and is being maintained.
   c. Comply with the alcohol and drug testing policy requirements in accordance with Title 23, Chapter 2, Article 14.
   d. Conduct alcohol and drug testing of prospective employees.
   e. Conduct alcohol and drug testing of an employee after the employee has been injured.
   f. Allow us to have access to the alcohol and drug testing results under d. and e. above.

3. The determination that you have established and maintain a qualifying program must be made during each policy term that you receive the premium credit.

4. Your certification and any other information relied upon by the insurer in granting the premium credit must be kept in the insurer's underwriting files and made available to the Department of Insurance upon request.

5. The premium credit may be applied after total premium has been paid for the policy period and may be revised at final audit to the employer's policy. The credit is applicable as a supplement to deviated rates and is applied in a multiplicative manner, after the application of the experience modification, and before the application of the premium discount and expense constant.

WC 02 04 01C
Page 1 of 2
Ed. 02/01/2010

Copyright 2010 National Council on Compensation Insurance, Inc. All Rights Reserved.

## ARIZONA ALCOHOL- AND DRUG-FREE WORKPLACE
## PREMIUM CREDIT ENDORSEMENT

6. You must reimburse the premium credit if it is determined that you were not in compliance with the provisions of the program.

7. Minimum premium policies are eligible for this premium credit.

8. Residual market employers are eligible to apply for this premium credit.

This endorsement is executed by the Liberty Insurance Corporation                    21814

Premium $

Effective Date                              Expiration Date

For attachment to Policy No. WC7-661-065726-010

Countersigned by_____
                          Authorized Representative

                    End. Serial No. 10

WC 02 04 01C
Page 2 of 2
Ed. 02/01/2010
Copyright 2010 National Council on Compensation Insurance, Inc. All Rights Reserved.

## ARIZONA CANCELATION ENDORSEMENT

This endorsement applies only to the insurance provided by the policy because Arizona is shown in Item 3.A. of the Information Page.

The **Cancelation** Condition of the policy is replaced by this Condition:

D.  **Cancelation**

1.  You may cancel this policy. You must mail or deliver advance written notice to us stating when the cancelation is to take effect.

2.  We may cancel this policy if you fail to pay premium when due. We must mail or deliver to you and the Industrial Commission of Arizona not less than 30 days advance written notice stating when the cancelation is to take effect. Mailing that notice to you at your mailing address shown in Item 1 of the Information Page will be sufficient to prove notice.

3.  The policy period will end on the day and hour stated in the cancelation notice.

This endorsement is executed by the Liberty Insurance Corporation                    21814

Premium $

Effective Date                              Expiration Date

For attachment to Policy No. WC7 - 661 - 065726 - 010

Countersigned by_____

                                                         Authorized Representative

                                                         End. Serial No. 11

WC 02 06 01
Page 1 of 1
Ed. 05/1986

# POLICY AMENDATORY ENDORSEMENT - CALIFORNIA

It is agreed that, anything in the policy to the contrary notwithstanding, such insurance as is afforded by this policy by reason of the designation of California in Item 3 of the Information Page is subject to the following provisions:

1. **Minors Illegally Employed --- Not Insured.** This policy does not cover liability for additional compensation imposed on you under Section 4557, Division IV, Labor Code of the State of California, by reason of injury to an employee under sixteen years of age and illegally employed at the time of injury.

2. **Punitive or Exemplary Damages --- Uninsurable.** This policy does not cover punitive or exemplary damages where insurance of liability therefor is prohibited by law or contrary to public policy.

3. **Increase in Indemnity Payment --- Reimbursement.** You are obligated to reimburse us for the amount of increase in indemnity payments made pursuant to Subdivision (d) of Section 4650 of the California Labor Code, if the late indemnity payment which gives rise to the increase in the amount of payment is due less than seven (7) days after we receive the completed claim form from you. You are obligated to reimburse us for any increase in indemnity payments not covered under this policy and will reimburse us for any increase in indemnity payment not covered under the policy when the aggregate total amount of the reimbursement payments paid in a policy year exceeds one hundred dollars ($100).

   If we notify you in writing, within 30 days of the payment, that you are obligated to reimburse us, we will bill you for the amount of increase in indemnity payment and collect it no later than the final audit. You will have 60 days, following notice of the obligation to reimburse, to appeal the decision of the insurer to the Department of Insurance.

4. **Application of Policy.** Part One, "Workers Compensation Insurance", A, "How This Insurance Applies", is amended to read as follows:

   This workers compensation insurance applies to bodily injury by accident or disease, including death resulting therefrom. Bodily injury by accident must occur during the policy period. Bodily injury by disease must be caused or aggravated by the conditions of your employment. Your employee's exposure to those conditions causing or aggravating such bodily injury by disease must occur during the policy period.

5. **Rate Changes.** The premium and rates with respect to the insurance provided by this policy by reason of the designation of California in Item 3 of the Information Page are subject to change if ordered by the Insurance Commissioner of the State of California pursuant to Section 11737 of the California Insurance Code.

6. **Long Term Policy.** If this policy is written for a period longer than one year, all the provisions of this policy shall apply separately to each consecutive twelve-month period or, if the first or last consecutive period is less than twelve months, to such period of less than twelve months, in the same manner as if a separate policy had been written for each consecutive period.

WC 04 03 01A
Page 1 of 2
Ed. 03/01/1998
© 1998 Workers Compensation Insurance Rating Bureau of California. All rights reserved.

## POLICY AMENDATORY ENDORSEMENT - CALIFORNIA

7. **Statutory Provision.** Your employee has a first lien upon any amount which becomes owing to you by us on account of this policy, and in the case of your legal incapacity or inability to receive the money and pay it to the claimant, we will pay it directly to the claimant.

It is further agreed that this policy, including all endorsements forming a part thereof, constitutes the entire contract of insurance. No condition, provision, agreement, or understanding not set forth in this policy or such endorsements shall affect such contract or any rights, duties, or privileges arising therefrom.

This endorsement is executed by the Liberty Insurance Corporation                    21814

Premium $

Effective Date                           Expiration Date

For attachment to Policy No. WC7-661-065726-010

Countersigned by_____
                                    Authorized Representative

End. Serial No. 12

WC 04 03 01A
Page 2 of 2
Ed. 03/01/1998
© 1998 Workers Compensation Insurance Rating Bureau of California. All rights reserved.

## VOLUNTARY COMPENSATION AND EMPLOYERS LIABILITY COVERAGE
## ENDORSEMENT - CALIFORNIA

If the employer named in item 1 of the Information Page has in his employment persons not entitled to compensation under Division 4 of the Labor Code of the State of California, this policy shall operate as an election on the part of the employer to come under the compensation provisions of Division 4 with respect to those persons described in the Schedule below.

This policy applies to those persons described in the Schedule below as employees.

### Schedule

*All Employees except those specifically excluded by endorsement.*

This endorsement is executed by the Liberty Insurance Corporation                    21814

Premium $

Effective Date                         Expiration Date

For attachment to Policy No. WC7-661-065726-010

Countersigned by_____
                                    Authorized Representative

End. Serial No. 13

WC 04 03 05
Page 1 of 1
Ed. 01/01/1985
© 1998 Workers Compensation Insurance Rating Bureau of California. All rights reserved.

## ENDORSEMENT AGREEMENT LIMITING AND RESTRICTING THIS INSURANCE
### California - Employee Insured by General Employer Excluded

The insurance under this policy is limited as follows:

It is AGREED that, anything in this policy to the contrary notwithstanding, this policy DOES NOT INSURE:

**NO LIABILITY FOR EMPLOYEE INSURED BY GENERAL EMPLOYER**

Any liability you may have as the special employer of an employee who is not on your payroll at the time of injury, based upon your representation that: (1) you have entered into a valid and enforceable agreement pursuant to Labor Code Section 3602(d) with the employee's general employer under which the general employer agrees to secure the payment of compensation for such employee and (2) the general employer has obtained workers' compensation coverage for the employee.

**FAILURE TO SECURE THE PAYMENT OF FULL COMPENSATION BENEFITS FOR ALL EMPLOYEES AS REQUIRED BY LABOR CODE SECTION 3700 IS A VIOLATION OF LAW AND MAY SUBJECT THE EMPLOYER TO THE IMPOSITION OF A WORK STOP ORDER, LARGE FINES, AND OTHER SUBSTANTIAL PENALTIES (Labor Code Section 3710.1, et seq.).**

By signature below, you affirm that, with respect to any employee who is also the employee of a general employer, (1) you have entered into a valid and enforceable agreement pursuant to Labor Code Section 3602(d) with the employee's general employer under which the general employer agrees to secure the payment of compensation for such employee and (2) the general employer has obtained workers' compensation coverage for the employee.

Countersigned By _____

This endorsement is executed by the Liberty Insurance Corporation                21814

Premium $

Effective Date                        Expiration Date

For attachment to Policy No. WC7-661-065726-010

Countersigned by_____
                              Authorized Representative

End. Serial No. 14

WC 04 03 17
Page 1 of 1
Ed. 06/01/2006
Copyright 2006 Workers' Compensation Insurance Rating Bureau of California. All Rights Reserved.

# EMPLOYERS' LIABILITY COVERAGE AMENDATORY
# ENDORSEMENT - CALIFORNIA

The insurance afforded by Part Two (Employers' Liability Insurance) by reason of designation of California in Item 3 of the information page is subject to the following provisions:

A.   **"How This Insurance Applies,"** is amended to read as follows:

    A.   How This Insurance Applies

        This employers' liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury means a physical injury, including resulting death.

        1.   The bodily injury must arise out of and in the course of the injured employee's employment by you.

        2.   The employment must be necessary or incidental to your work in California.

        3.   Bodily injury by accident must occur during the policy period.

        4.   Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

        5.   If you are sued, the original suit and any related legal actions for damages for bodily injury by accident or by disease must be brought in the United States of America, its territories or possessions, or Canada.

C.   The **"Exclusions"** section is modified as follows (all other exclusions in the **"Exclusions"** section remain as is):

    1.   Exclusion 1 is amended to read as follows:

        1.   liability assumed under a contract.

    2.   Exclusion 2 is deleted.

    3.   Exclusion 7 is amended to read as follows:

        7.   damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, termination of employment, or any personnel practices, policies, acts or omissions.

WC 04 03 60 A
Page 1 of 2
Ed. 11/01/1999
Copyright 1998 by the Workers' Compensation Insurance Rating Bureau of California.  All rights reserved.

## EMPLOYERS' LIABILITY COVERAGE AMENDATORY
### ENDORSEMENT - CALIFORNIA

4.   The following exclusions are added:

1.   bodily injury to any member of the flying crew of any aircraft.

2.   bodily injury to an employee when you are deprived of statutory or common law defenses or are subject to penalty because of your failure to secure your obligations under the workers' compensation law(s) applicable to you or otherwise fail to comply with that law.

This endorsement is executed by the Liberty Insurance Corporation                    21814

Premium $

Effective Date                    Expiration Date

For attachment to Policy No. WC7-661-065726-010

Countersigned by_____
                                        Authorized Representative

End. Serial No. 15

**WC 04 03 60 A**
Page 2 of 2
Ed. 11/01/1999
Copyright 1998 by the Workers' Compensation Insurance Rating Bureau of California.  All rights reserved.

## OPTIONAL PREMIUM INCREASE ENDORSEMENT - CALIFORNIA

You must provide us, or our authorized representative, access to records necessary to perform a payroll verification audit. If you fail to provide access within 90 days after expiration of the policy, you are liable to pay a total premium equal to 3 times our current estimate of the annual premium for your policy. In addition, if you fail to provide access after our third request within a 90 day or longer period, you are also liable for our costs in attempting to perform the audit unless you provide a compelling business reason for your failure.

We will contact you to schedule appointments during normal business hours.

We will notify you of your failure to provide access by mailing a certified, return-receipt document stating the increased premium and the total amount of our costs incurred in our attempt(s) to perform an audit. In addition to any other obligations under this contract, 30 days after you receive the notification, you will be obligated to pay the total premium and costs referenced above. If, thereafter, you provide access to your records within three years after the policy expires, or within another mutually agreed upon time, and we succeed in performing the audit to our satisfaction, we will revise your total premium and the costs due to reflect the results of the audit.

This endorsement is executed by the Liberty Insurance Corporation                 21814

Premium $

Effective Date                    Expiration Date

For attachment to Policy No. WC7-661-065726-010

Countersigned by_____

                                    Authorized Representative

                              End. Serial No. 16

WC 04 04 21
Page 1 of 1
Ed. 01/01/2008
Copyright 2008 Workers' Compensation Insurance Rating Bureau of California. All Rights Reserved.

## CALIFORNIA CANCELLATION ENDORSEMENT

This endorsement applies only to the insurance provided by the policy because California is shown in Item 3.A. of the Information Page.

The cancellation condition in Part Six (Conditions) of the policy is replaced by these conditions:

**Cancellation**

1. You may cancel this policy. You must mail or deliver advance written notice to us stating when the cancellation is to take effect.

2. We may cancel this policy for one or more of the following reasons:

    a. Non-payment of premium;

    b. Failure to report payroll;

    c. Failure to permit us to audit payroll as required by the terms of this policy or of a previous policy issued by us;

    d. Failure to pay any additional premium resulting from an audit of payroll required by the terms of this policy or any previous policy issued by us;

    e. Material misrepresentation made by you or your agent;

    f. Failure to cooperate with us in the investigation of a claim;

    g. Failure to comply with Federal or State safety orders;

    h. Failure to comply with written recommendations of our designated loss control representatives;

    i. The occurrence of a material change in the ownership of your business;

    j. The occurrence of any change in your business or operations that materially increases the hazard for frequency or severity of loss;

    k. The occurrence of any change in your business or operation that requires additional or different classification for premium calculation;

    l. The occurrence of any change in your business or operation which contemplates an activity excluded by our reinsurance treaties.

WC 04 06 01 A
Page 1 of 2
Ed. 12/01/1993

## CALIFORNIA CANCELLATION ENDORSEMENT

3. If we cancel your policy for any of the reasons listed in (a) through (f), we will give you 10 days advance written notice, stating when the cancellation is to take effect. Mailing that notice to you at your mailing address shown in Item 1 of the Information Page will be sufficient to prove notice. If we cancel your policy for any of the reasons listed in Items (g) through (l), we will give you 30 days advance written notice; however, we agree that in the event of cancellation and reissuance of a policy effective upon a material change in ownership or operations, notice will not be provided.

4. The policy period will end on the day and hour stated in the cancellation notice.

This endorsement is executed by the Liberty Insurance Corporation                    21814

Premium $

Effective Date                              Expiration Date

For attachment to Policy No. WC7 - 661 - 065726 - 010

Countersigned by_____

                                              Authorized Representative

                                              End. Serial No. 17

WC 04 06 01 A
Page 2 of 2
Ed. 12/01/1993

## COLORADO CLASSIFICATION ENDORSEMENT

This endorsement applies only to the insurance provided by Part One (Workers Compensation Insurance) because Colorado is shown in Item 3.A. of the Information Page.

Section B.  Classifications of Part Five (Premium) is amended by adding the following:

The assignment of a proper classification resulting in higher premium is allowed only if the misclassification was caused by your failure to provide accurate or complete data.  If your operation changes during the policy term, you must notify us within ninety days of the change.  Failure to notify us will be considered a failure to provide accurate or complete data.

Section E.  Final Premium of Part Five is amended by adding this sentence at the end of the first paragraph:

Payments to us or to you based on improper classification may be collected or refunded during the term of the policy and for twelve months after the term.

This endorsement is executed by the Liberty Insurance Corporation                    21814

Premium $

Effective Date                          Expiration Date

For attachment to Policy No. WC7 - 661 - 065726 - 010

Countersigned by_____
                                                  Authorized Representative

                              End. Serial No. 18

**WC 05 04 02**
Ed 11/01/1990
Page 1 of 1
Copyright 1990 National Council on Compensation Insurance, Inc. All Rights Reserved.

## COLORADO PREMIUM CREDIT FOR CERTIFIED RISK MANAGEMENT PROGRAMS ENDORSEMENT

This endorsement applies to Part One (Workers Compensation Insurance) because Colorado is listed in Item 3.A. of the Information Page.

The Colorado Workers Compensation Cost Containment Board has determined that a premium differential shall be provided on all policies when you have selected a designated medical provider.

If you qualify for experience and/or schedule rating and you have implemented a certified workers compensation risk management program or service, we must allow a 5% premium credit if your loss experience has improved since your last renewal date. The Schedule below will indicate if you qualify for this credit.

If you do not qualify for experience and/or schedule rating on your workers compensation insurance and you have implemented a certified workers compensation risk management program or service, we must offer premium credits as follows:

| Premium Credit | Credit Criteria |
|---|---|
| 10% | If you have been loss free for at least the last year immediately preceding the effective date of the premium credit. |
| 8% | If you have had one medical loss exceeding $250 in the last year immediately preceding the effective date of the premium credit. |
| 6% | If you have had two medical losses, each exceeding $250, within the last year immediately preceding the effective date of the premium credit. |
| 4% | If you have had three medical losses, each exceeding $250, within the last year immediately preceding the effective date of the premium credit. |
| 2% | If you have had three medical losses, each exceeding $250, and one claim for loss of time in the last year immediately preceding the effective date of the premium credit. |
| 0% | If you have had more than three medical losses and one claim for loss of time in the last year immediately preceding the effective date of the premium credit. |

If you have selected a designated medical provider, we must allow a credit of 2.5%. If you are eligible for schedule rating, the 2.5% credit must be included in the total schedule credit or debit, subject to the 25% maximum limitation.

If you are not eligible for experience or schedule rating, the 2.5% credit will be applied, in addition to the premium credit applicable. The combined premium credit and the 2.5% credit for selection of a designated medical provider shall not exceed 12.5%.

WC 05 04 03
Ed. 03/01/1993
Page 1 of 2
Copyright 1995 National Council on Compensation Insurance

# COLORADO PREMIUM CREDIT FOR CERTIFIED RISK MANAGEMENT
## PROGRAMS ENDORSEMENT

### Schedule

| % Premium Credit | Certified Risk Management Program/Designated Medical Provider |
| --- | --- |

This endorsement is executed by the Liberty Insurance Corporation                 21814

Premium $

Effective Date                      Expiration Date

For attachment to Policy No. WC7-661-065726-010

Countersigned by_____

Authorized Representative

End. Serial No. 19

WC 05 04 03
Ed. 03/01/1993
Page 2 of 2
Copyright 1995 National Council on Compensation Insurance

## GEORGIA CANCELATION, NONRENEWAL AND CHANGE ENDORSEMENT

This endorsement applies only to the insurance provided by the policy because Georgia is shown in Item 3.A. of the Information Page.

The **Cancelation** Condition of the policy is replaced by this Condition:

D. **Cancelation, Nonrenewal and Change**

1. You may cancel this policy. You must mail or deliver advance notice to us stating when the cancelation is to take effect, subject to the following:

   a. If only your interest is affected, the effective date of cancelation will be the later of the date we receive notice from you or the date specified in the notice.

   b. If by statute, regulation or contract this policy may not be canceled unless notice is given to a governmental agency or other third party, we will mail or deliver at least 10 days notice to you and the third party as soon as practicable after receiving your request for cancelation.

      Our notice will state the effective date of cancelation, which will be the later of the following:

      1) 10 days from the date of mailing or delivering our notice, or

      2) the effective date of cancelation stated in your notice to us.

2. We may cancel or nonrenew this policy. We must mail or deliver notice at least 10 days before the effective date of cancelation if this policy has been in effect less than 60 days or if we cancel for nonpayment of premium. If this policy has been in effect 60 or more days and we cancel for a reason other than nonpayment of premium or if we nonrenew this policy, we must send to you a notice of cancelation or nonrenewal by certified mail, return receipt requested, to your last address of record at least 75 days prior to the effective date of cancelation or nonrenewal.

3. If we increase current policy premium by more than 15% (other than any increase due to change in risk, exposure or experience modification or resulting from an audit of auditable coverages), limit or restrict coverage, we must mail by first class mail or deliver a notice of our action (including dollar amount of any increase in renewal premium more than 15%) to you at the last mailing address of record at least 45 days before the expiration date of this policy.

4. The policy period will end on the day and hour stated in the cancelation notice except as provided for above.

This endorsement is executed by the Liberty Insurance Corporation                    21814

Premium $

Effective Date                          Expiration Date

For attachment to Policy No. WC7 - 661 - 065726 - 010

Countersigned by_____

                                        Authorized Representative

                                        End. Serial No. 20

WC 10 06 01 A
Page 1 of 1
Ed. 04/27/1993
Copyright 1993 National Council on Compensation Insurance

# NEVADA CANCELLATION AND NONRENEWAL ENDORSEMENT

This endorsement applies to the insurance provided by this policy, because Nevada is shown in Item 3.A. of the Information Page.

Part Six–Conditions, D. Cancellation of the policy is replaced by the following:

**A. Midterm Cancellation**

1. You may cancel this policy by mailing or delivering advance written notice to us stating when the cancellation is to take effect.

2. We will provide you not less than 10 days notice if this policy is cancelled because you failed to pay a premium or remit an amount due because of an endorsement for a deductible when due.

3. We will provide you not less than 30 days notice for any other cancellation reason permitted under Nevada law, including failure to pay additional premium charged due to an audit of any payroll under the terms of the current or previous policy.

4. No policy of industrial insurance that has been in effect for at least 70 days or that has been renewed may be cancelled, except on any one of the following grounds:

   a. A failure by the policyholder to pay a premium for the policy of industrial insurance when due, including the failure of the policyholder to remit an amount due because of an endorsement for a deductible;

   b. A failure by the policyholder to:

      (1) Report any payroll;

      (2) Allow the insurer to audit any payroll in accordance with the terms of the policy or any previous policy issued by the insurer; or

      (3) Pay any additional premium charged because of an audit of any payroll as required by the terms of the policy or any previous policy issued by the insurer;

   c. A material failure by the policyholder to comply with any federal or state order concerning safety or any written recommendation of the insurer's designated representative for loss prevention;

   d. A material change in ownership of the policyholder or any change in the policyholder's business or operations that:

      (1) Materially increases the hazard for frequency or severity of loss;

      (2) Requires additional or different classifications for the calculation of premiums; or

      (3) Contemplates an activity that is excluded by any reinsurance treaty of the insurer;

   e. A material misrepresentation made by the policyholder; or

   f. A failure by the policyholder to cooperate with the insurer in conducting an investigation of a claim.

5. We cannot cancel the policy when the referenced reasons are corrected by you within the time specified in the written notice of cancellation.

**B. Nonrenewal**

1. We may elect not to renew the policy. We will provide to you a written notice of our intention not to renew at least 60 days before the expiration date.

2. We need not provide notice of our intention not to renew if you have accepted replacement coverage, if you have requested or agreed to nonrenewal, or if the policy is expressly designated as nonrenewable.

WC 27 06 01C
Page 1 of 2
Ed. 10/01/2008
Copyright 2008 National Council on Compensation Insurance, Inc. All Rights Reserved.

# NEVADA CANCELLATION AND NONRENEWAL ENDORSEMENT

**C.  Information About Claims Paid**

1.  If you request information for the renewal of the policy, we will provide you with information regarding claims paid on your behalf.

2.  We will provide the information within 30 working days after we receive your written request. We may charge a reasonable fee for providing the information.

**D.  Notices**

1.  We will provide advance written notice of cancellation or nonrenewal as provided in A and B above.  This notice must be served personally on or sent by first-class mail or electronic transmission to the employer.

2.  Notices will state the effective date of the cancellation or nonrenewal and will be accompanied by a written explanation of the specific reasons for the cancellation or nonrenewal.

3.  A written notice of cancellation is not required if we mutually agree with you to cancel the policy and reissue a new policy based upon a material change in the ownership or operation of your business.

**E.  Compliance With Law**

1.  Any of these provisions that conflict with a law that controls the cancellation or renewal or nonrenewal of the insurance in this policy is changed by this statement to comply with the law.

This endorsement is executed by the Liberty Insurance Corporation                            21814

Premium $

Effective Date                                Expiration Date

For attachment to Policy No. WC7-661-065726-010

Countersigned by_____

Authorized Representative

End. Serial No. 21

WC 27 06 01C
Page 2 of 2
Ed. 10/01/2008
Copyright 2008 National Council on Compensation Insurance, Inc. All Rights Reserved.

## OREGON UNSAFE EQUIPMENT EXCLUSION ENDORSEMENT

Part Two (Employers Liability Insurance) does not cover bodily injury arising out of your failure to comply with a notice posted pursuant to ORS 654.082 of the Oregon Safe Employment Act or any amendment to that Act.

This endorsement is executed by the Liberty Insurance Corporation          21814

Premium $

Effective Date                         Expiration Date

For attachment to Policy No. WC7-661-065726-010

Countersigned by_____

Authorized Representative

End. Serial No. 22

WC 36 03 01
Page 1 of 1
Ed. 4/01/1984
© 1983 National Council on Compensation Insurance.

## OREGON LIMITS OF LIABILITY ENDORSEMENT

This endorsement applies only to the insurance provided by the policy because Oregon is shown in Item 3.A. of the Information Page.

The limits of our liability under Part Two of the policy are:

| | | |
|---|---|---|
| Bodily Injury by Accident | $500,000 | or the amount shown in Item 3.B. of the Information Page, whichever is greater, each accident |
| Bodily Injury by Disease | $500,000 | or the amount shown in Item 3.B. of the Information Page, whichever is greater, policy limit |
| Bodily Injury by Disease | $500,000 | or the amount shown in Item 3.B. of the Information Page, whichever is greater, each employee |

This change applies to the insurance this policy provides for Oregon operations only.

This endorsement is executed by the Liberty Insurance Corporation                    21814

Premium $

Effective Date                    Expiration Date

For attachment to Policy No. WC7-661-065726-010

Countersigned by _____
                                              Authorized Representative

                                              End. Serial No. 23

WC 36 03 06
Page 1 of 1
Ed. 01/01/2002

## OREGON PREMIUM DUE DATE ENDORSEMENT

This endorsement is used to amend:

Section D of Part Five of the policy is replaced by this provision.

### PART FIVE
### PREMIUM

D.  Premium is amended to read:
    You will pay all premium when due.  You will pay the premium even if part or all of a workers
    compensation law is not valid.  The due date for audit and retrospective premiums is the date specified
    in the billing invoice for the policy.

This endorsement is executed by the  Liberty Insurance Corporation                      21814

Premium $

Effective Date                          Expiration Date

For attachment to Policy No. WC7-661-065726-010

                                Countersigned by_____
                                              Authorized Representative

                                              End. Serial No. 24

WC 36 04 06
Ed. 10/01/2001